IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES WALLACE BARON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 20-141-E |
| ) | |
| ANDREW M. SAUL, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

O R D E R

AND NOW, this 30th day of September, 2021, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision denying Plaintiff's claim for disability insurance benefits under Subchapter II of the Social Security Act, 42 U.S.C. § 401 *et seq.*, and his claim for supplemental security income benefits under Subchapter XVI of the Act, 42 U.S.C. § 1381 *et seq.*, finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms.[1] *See* 42 U.S.C. § 405(g); *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153-54 (2019); *Jesurum v. Secretary of U.S. Dep't of Health & Human Servs*, 48 F.3d 114, 117 (3d Cir. 1995) (citing *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988)). *See also Berry v. Sullivan*, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision

---

[1]   Defendant asks the Court to tax costs against Plaintiff but does not advance an argument in support of that request. Accordingly, the Court will award no costs. *See Pa. Dep't of Pub. Welfare v. U.S. Dep't of Health & Hum. Servs.*, 101 F.3d 939, 945 (3d Cir. 1996).

must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently) (*citing Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981)).[2]

---

[2]   For the most part, Plaintiff is simply asking the Court to reweigh the evidence and find that the Administrative Law Judge ("ALJ") erred in formulating his residual functional capacity ("RFC") and in crafting the hypothetical question to the vocational expert. However, if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently. *See Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999) (citing 42 U.S.C. § 405(g)); *Monsour Med. Ctr. v. Heckler*, 806 F.2d 1185, 1190-91 (3d Cir. 1986); *Berry*, 738 F. Supp. at 944 (*citing Cotter*, 642 F.2d at 705). The Court finds here that substantial evidence does support the ALJ's decision and, therefore, it will affirm.

Plaintiff appears to argue that the November 1, 2018 medical source opinion of Abdulkarim Aslo, M.D., his psychiatrist (R. 667-69), should have been afforded more weight based on his status as a treating health care provider. However, for cases such as this one, filed on or after March 27, 2017, the regulations have eliminated the "treating physician rule." *Compare* 20 C.F.R. §§ 404.1527(c)(2) and 416.927(c)(2) (applying to cases prior to the amendment of the regulations) *with* 20 C.F.R. §§ 404.1520c(a) and 416.920c(a) (applying to later cases). *See also* 82 Fed. Reg. 5844-01, at 5853 (Jan. 18, 2017). While the medical source's treating relationship with the claimant is still a valid and important consideration, "the two most important factors for determining the persuasiveness of medical opinions are consistency and supportability." 82 Fed. Reg. at 5853. *See also* §§ 404.1520c(b) and (c); 416.920c(b) and (c). Here, the ALJ discussed Dr. Aslo's opinion and explained the reasons why she found it to be unpersuasive, including that it was based merely on a brief one-time examination on July 26, 2018, before Plaintiff had resumed mental health treatment (R. 667-68), and that it was inconsistent with the medical records throughout Exhibits 8F and 11F demonstrating minimal objective findings, normal mental status examinations, and good response to medications with few, if any, side effects. (R. 26). This analysis properly complied with the directives of Sections 404.1520c and 416.920c.

Plaintiff further asserts that the ALJ relied too heavily on the September 1, 2017 opinion of state reviewing agent Tiffany Leonard, Psy.D., who found that Plaintiff had no more than mild limitations attributable to mental health issues. (R. 138-40). However, even under the regulations governing cases filed prior to March 27, 2017, while an ALJ was required to consider the treating relationship between a claimant and an opining doctor, when the medical opinion of a treating source conflicted with that of a non-treating, or even a non-examining physician, "the ALJ may choose whom to credit." *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000). *See also Dula v. Barnhart*, 129 Fed. Appx. 715, 718-19 (3d Cir. 2005). In certain cases, the ALJ was justified in giving more weight to the non-examining professional's opinion. *See Salerno v. Comm'r of Soc. Sec.*, 152 Fed. Appx. 208 (3d Cir. 2005). Regardless, although the ALJ considered Dr. Leonard's opinion and found it to be persuasive, she did not adopt it wholesale.

Rather, she crafted an RFC that included limitations to reflect Plaintiff's documented mental health conditions, just not to the extent that Dr. Aslo had opined. (R. 20-21, 26). This is precisely what an ALJ is supposed to do. *See Titterington v. Barnhart*, 174 Fed. Appx. 6, 11 (3d Cir. 2006) ("Surveying the medical evidence to craft an RFC is part of an ALJ's duties."); *Mays v. Barnhart*, 78 Fed. Appx. 808, 813 (3d Cir. 2003).

It is true, as Plaintiff contends, that Dr. Leonard's opinion was issued prior to that of Dr. Aslo, so she clearly did not have access to Dr. Aslo's opinion, as well as some of the other record evidence, at the time of her report. However, the fact that the state agency psychologist's opinion was rendered before other evidence became available does not mean the ALJ was prohibited from finding it to be persuasive. *See Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 361 (3d Cir. 2011) ("The Social Security regulations impose no limit on how much time may pass between a report and the ALJ's decision in reliance on it."). Here, while there was, in fact, evidence to which the state reviewing agent had no access, the ALJ was aware of and considered and discussed this evidence in evaluating the opinions and formulating the RFC. (R. 24-26). Further, as discussed, the ALJ accounted for this evidence by including greater restrictions in the RFC than to which Dr. Leonard had opined.

Plaintiff also seems to assert that the ALJ did not take his migraine headaches fully into account when determining his RFC. However, not only did the ALJ discuss Plaintiff's headaches at some length, she did not discount Plaintiff's headaches altogether, but rather accounted for them in the RFC by limiting Plaintiff to sedentary jobs with certain environmental limitations and no exposure workplace hazards. (R. 20-21, 23, 142-43). She discussed at length that both the frequency and severity of Plaintiff's headaches had improved consistently and significantly with treatment, including medications such as gabapentin and the use of a CPAP machine. (R. 19, 23-24). This finding is well-supported by the record evidence. (R. 374-81, 464, 597-608). To the extent that Plaintiff argues that the ALJ gave insufficient consideration to his testimony about the pain and limiting effects caused by his migraines, the Court notes that, as a general matter, when an ALJ has articulated reasons supporting a credibility determination, that determination is afforded significant deference. *See Horodenski v. Comm'r of Soc. Sec.*, 215 Fed. Appx. 183, 188-89 (3d Cir. 2007); *Reefer v. Barnhart*, 326 F.3d 376, 380 (3d Cir. 2003). Here, the Court finds that there was sufficient evidence to support the ALJ's findings regarding the veracity of Plaintiff's subjective complaints.

All of this constitutes substantial evidence in support of the ALJ's findings, especially in light of the United States Supreme Court's reminder that the threshold for meeting the substantial evidence standard "is not high." *Biestek*, 139 S. Ct. at 1154. While Plaintiff offers an alternative analysis of the evidence, the Court emphasizes that "[t]he presence of evidence in the record that supports a contrary conclusion does not undermine the [ALJ's] decision so long as the record provides substantial support for that decision." *Malloy v. Comm'r of Soc. Sec.*, 306 Fed. Appx. 761, 764 (3d Cir. 2009).

Accordingly, for all of the reasons set forth herein, the Court finds that substantial evidence supports the ALJ's decision and therefore affirms.

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (document No. 15) is DENIED and that Defendant's Motion for Summary Judgment (document No. 19) is GRANTED.

s/Alan N. Bloch
United States District Judge

ecf:        Counsel of record